### In re TRI–STATE CREMATORY LITIGATION.

**Lorie Ann Walley, et al. v. Tri–State Crematory, Inc., et al., S.D. Alabama, C.A. No. 10:02-149.**

**Eleanor Kitter Dent v. Tri–State Crematory, Inc., et al., N.D. Georgia, C.A. No. 4:02-32.**

**Carol A. Bechtel, et al. v. Tri–State Crematory, Inc., et al., N.D. Georgia, C.A. No. 4:02-41.**

### No. MDL–1467.

Judicial Panel on Multidistrict Litigation.

June 21, 2002.

BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, MOREY L. SEAR, BRUCE M. SELYA, JULIA SMITH GIBBONS, D. LOWELL JENSEN and J. FREDERICK MOTZ, Judges of the Panel.

WILLIAM TERRELL HODGES, Chairman.

### TRANSFER ORDER

This litigation currently consists of two actions pending in the Northern District of Georgia and one action pending in the Southern District of Alabama. Before the Panel is a motion, pursuant to 28 U.S.C. § 1407, brought by plaintiffs in one Northern District of Georgia action for coordinated or consolidated pretrial proceedings of these actions in the Northern District of Georgia. Common defendants T. Ray Brent Marsh (Marsh) and Tri–State Crematory, Inc. (Tri–State) support the motion for transfer to the Northern District of Georgia. Plaintiffs in the Southern District of Alabama action oppose the motion for transfer. Plaintiffs in two putative state court class actions pending, respec-tively, in Georgia and Tennessee who have filed separate motions for intervention in the putative class actions in the Northern District of Georgia also oppose the motion for transfer. Numerous entities involved in the funeral services industry and named as defendants in one of the Northern District of Georgia actions have also responded to the motion. These defendants are split between supporters and opponents of Section 1407 transfer. At least four of the defendants opposing the motion would nevertheless support the Northern District of Georgia as the transferee district in the event the Panel orders centralization.

■ On the basis of the papers filed and hearing session held, the Panel finds that the three actions involve common questions of fact, and that centralization under Section 1407 in the Northern District of Georgia will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions relate to the discovery of human remains on land near a crematorium in Georgia in February 2002. Plaintiffs in each action allege that defendants Tri–State and Marsh represented that they were properly cremating bodies entrusted to them when instead they were concealing human remains, which had not been cremated, on the property surrounding the crematorium. Plaintiffs also allege that the funeral services defendants failed, throughout the period in which Tri–State engaged in the alleged unlawful practices, to inspect, monitor, or supervise Tri–State's business operations so as to discover the wrongful conduct taking place. Centralization under Section 1407 is thus necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings and conserve the resources of the parties, their counsel and the judiciary.

We observe that centralization of the actions pending in federal court will facili-

tate coordination with the numerous related actions pending in various state courts. As to the preference of several funeral services defendants to be treated individually rather than collectively, we leave the manner and extent of coordination or consolidation of the pretrial proceedings to the discretion of the transferee judge.

■ In selecting the Northern District of Georgia as transferee district, we note that this is the district in which i) the crematory that is central to the allegations in all actions and that is the subject of the moving plaintiffs' requests for equitable relief is located, ii) the associated criminal investigation and recovery effort is ongoing, iii) relevant documents, witnesses and other evidence will likely be found, and iv)

two of the three constituent actions are pending.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the action pending outside the Northern District of Georgia is transferred to the Northern District of Georgia and, with the consent of that court, assigned to the Honorable Harold L. Murphy for coordinated or consolidated pretrial proceedings with the actions that are pending in that district.